IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY W. RICE, SR., et al.  :
:
:
v.  : Civil No. CCB-13-2275
:
:
MEDLINE INDUSTRIES, INC.  :
:
:

## MEMORANDUM

This action arises out of Jerry W. Rice, Sr.'s ("Rice") claim that he sustained injuries when one of the crutches he was using for ambulation broke in half. Rice and his wife seek damages against defendant Medline Industries, Inc. ("Medline") based on three theories of recovery: strict liability, breach of express and implied warranties, and loss of consortium. Now pending before the court is Medline's motion for summary judgment, filed before the beginning of discovery. (*See* Pls.' Opp., ECF No. 7, at 10.) The parties have fully briefed the issues, and no oral argument is necessary. *See* Local R. 105.6 (D. Md. 2011). For the reasons stated below, the motion for summary judgment will be denied without prejudice.

## BACKGROUND

Following an August 19, 2011, surgery to repair his left quadriceps tendon, Rice was given crutches by the Frederick Surgery Center to assist with ambulation. (*See* Aff. of Jerry W. Rice, Sr., ECF No. 7-1, at ¶ 2; *see also* Compl., ECF No. 1, at ¶¶ 6–7.) At the time, Rice weighed 290 pounds, and the label on the crutches indicated a weight capacity of 300 pounds. (*See* Aff. of Rice at ¶¶ 3–4.) Rice states that, in deciding to use the crutches, he relied on the weight capacity information on the label. (*Id.* at ¶¶ 5–7.) Nevertheless, later on August 19,

1

2011, one of the crutches broke in half when he was using them in his bathroom at home. (Compl. at ¶ 8.) As a result, he alleges that he fell, causing him to hit his head and left leg, re-open his surgical wound, and lacerate and dislocate his left small toe. (*Id.*) After his fall, Rice underwent additional surgical procedures. (*See id.* at ¶ 9.)

Rice alleges that the crutches were "introduced into the stream of commerce by Medline and sold by Medline to Frederick Surgery Center." (*Id.* at ¶ 10.) He also claims that only Medline was named on the label of the crutches. (*See* Photograph of Label, ECF No. 7-4; *see also* Pls.' Opp., ECF No. 7, at 1.)[1] According to Medline, however, it distributes crutches but does not manufacture them. (Aff. of Linda Walther, ECF No. 5-1, at ¶ 1.) Medline states that it purchases crutches from Easytec Corporation ("Easytec"), a Chinese manufacturer of medical products. (*Id.* at ¶ 2.)[2] When Easytec delivers the crutches to Medline's receiving warehouse in Lathrop, California, they arrive packaged in plastic shrink wrap and cardboard boxes. (*Id.* at ¶ 4.) Once the crutches "clear[] customs," they are then shipped—still in the original shrink wrap—to Medline distribution centers. (*Id.* at ¶ 5.) Finally, the distribution centers send the crutches—again, still in the original shrink wrap—to customers. (*Id.* at ¶ 6.) Medline maintains that it does not in any way disturb the packaging during shipment. (*Id.* at ¶¶ 5–6.)

## STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact

---

[1] The label on the crutches stated "Made For Medline Industries." (*See* Def.'s Reply, ECF No. 8, at 2.)

[2] Each year, Medline imports about 636,000 pairs of crutches from Easytec. (Aff. of Walther at ¶ 3.) According to Medline, it cannot inspect each individual crutch, but it does perform "routine quality inspections to ensure that Easytec's products conform to its specifications." (Def.'s Mot. Summ. J., ECF No. 5, at 7.)

is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

## ANALYSIS

Medline asserts the sealed container defense. The sealed container defense is meant to make liability for damages and injury caused by a defective product lie with the manufacturer, not the retailer. *See Liesener v. Weslo, Inc.*, 775 F. Supp. 857, 859 (D. Md. 1991). Section 5-405(b) lists factors weighing in favor of the sealed container defense:

> (1) The product was acquired and then sold or leased by the seller in a sealed container or in an unaltered form; (2) The seller had no knowledge of the defect; (3) The seller in the performance of the duties he performed or while the product was in his possession could not have discovered the defect while exercising reasonable care; (4) The seller did not manufacture, produce, design, or designate the specifications for the product which conduct was the proximate and substantial cause of the claimant's injury; and (5) The seller did not alter, modify, assemble, or mishandle the product while in the seller's possession in a manner which was the proximate and substantial cause of the claimant's injury.

3

Md. Code Ann., Cts. & Jud. Proc. § 5-405(b). The statute has been interpreted to mean that the sealed container defense applies to claims relating to defective design or manufacture of a product, including strict liability claims. *See Reed v. Sears, Roebuck & Co.*, 934 F. Supp. 713, 717–18 (D. Md. 1996). But the sealed container defense does not apply in the following situations:

> (1) The manufacturer is not subject to service of process under the laws of this State or the Maryland Rules; (2) The manufacturer has been judicially declared insolvent in that the manufacturer is unable to pay its debts as they become due in the ordinary course of business; (3) The court determines by clear and convincing evidence that the claimant would be unable to enforce a judgment against the product manufacturer; (4) The claimant is unable to identify the manufacturer; (5) The manufacturer is otherwise immune from suit; or (6) The seller made any express warranties, the breach of which were the proximate and substantial cause of the claimant's injury.

Md. Code Ann., Cts. & Jud. Proc. § 5-405(c).

Rice argues that Medline's motion for summary judgment, filed before any discovery has occurred, should be denied as premature. *See* Fed. R. Civ. P. 56(d) (stating that the court may deny a motion for summary judgment if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition").[3] The court agrees with Rice that discovery is necessary to determine whether certain exceptions to the sealed container defense apply to the present case. For example, without discovery, the court cannot know whether Easytec is solvent and, thus, whether any judgment against it is

---

[3] The court notes that Rice did not file a Rule 56(d) affidavit, but he informed the court that Medline's motion for summary judgment is premature and provided reasons why discovery is necessary, thus providing the "functional equivalent" of an affidavit. *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002) ("When the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues . . . are involved, courts have not always insisted on a Rule 56[d] affidavit if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary."). Thus, Rice has substantially complied with the requirements of Rule 56(d).

4

enforceable. It is also not clear at this time whether Easytec may be otherwise immune from suit. Because Rice lacks facts to oppose Medline's summary judgment motion, it will be denied without prejudice.

In its reply, Medline argues that the motion for summary judgment should be granted because, moving forward, Rice will still be able to obtain discovery from it, and should discovery reveal that an exception to the sealed container defense applies, it may be reinstated as a party. This argument must be rejected. Section 5-405(d)(2) does indeed provide that, even if a summary judgment motion is granted pursuant to the sealed container defense, "the seller will thereafter continue to be treated as though he were still a party for all purposes of discovery . . . ." Md. Code Ann., Cts. & Jud. Proc. § 5-405(d)(2). Additionally, § 5-405(d)(3) indicates that, should it be revealed after summary judgment that an exception to the sealed container defense applies, then the dismissed action may be reinstated. *Id.* § 5-405(d)(3). But Medline has left out a key part of the statute: for the court to grant summary judgment, the seller must first show "by unrebutted facts" that he has satisfied § 5-405(b) and that none of the exceptions listed in § 5-405(c) are applicable. *Id.* § 5-405(d)(1). In the absence of any discovery, Medline cannot show that no exception to the sealed container defense may be invoked.

## CONCLUSION

For the reasons stated above, the motion for summary judgment will be denied without prejudice. A separate order follows.

<u>December 5, 2013</u>                         <u>    /s/    </u>
Date                                              Catherine C. Blake
                                                    United States District Judge